IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE NUNN, Reg. No. #12452-002, | ) | |
| Citizen of Heaven and Georgia, sui juris, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-CV-278-WKW |
| | ) | [WO] |
| | ) | |
| THOMAS TRAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Tyrone Nunn, Sr. ["Nunn"], a frequent federal litigant, on April 14, 2014.  In the instant complaint, Nunn challenges his 2006 arrest for controlled substance offenses by officers of the Wedowee Police Department.  *Complaint - Doc. No. 1* at 2.  Nunn further alleges that the Assistant District Attorney for Randolph County, Alabama improperly referred his controlled substance cases to federal authorities.  In support of this latter claim, Nunn argues that these crimes were committed within the State of Alabama and, therefore, "the subject matter was not within the territorial, national, protective, universality, or passive personality principle jurisdiction of the United States."  *Id*. at 2.  In addition, Nunn presents claims challenging the constitutionality of his convictions by this court for possession with intent to distribute crack cocaine and distribution of crack cocaine.  *Id*.

## II.  DISCUSSION

Upon initiating this case, Nunn did not pay the $350 filing fee and attendant $50 administrative fee applicable to persons not proceeding *in forma pauperis* nor did he file an application for leave to proceed *in forma pauperis*.  In accordance with the normal practice of this court, an order was issued advising Nunn that this court could not undertake a review of his complaint unless he paid the full filing fee and concomitant administrative fee or submitted an application seeking leave to proceed *in forma pauperis*. Nunn challenged the validity of this order on three separate occasions, and the District Judge assigned this case denied each of these challenges.  Despite orders allowing Nunn additional time to respond to the order at issue, he has failed to file either the requisite fees or an application for leave to proceed *in forma pauperis* in accordance with the directives of the order.

Title 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."[1]   Federal court records establish that Nunn, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.  The actions on which this court relies in finding a § 1915(g) violation are:  (1) *Nunn v. Bailey*, Case No. 3:05-CV-1059-MHT-VPM (M.D. Ala. 2005), (2) *Nunn v. Clay County Hospital*, Case No.7:05-CV-515-SLB (N.D. Ala. 2005), and (3) *Nunn v. Bank of Wedowee - Woodland Branch*, Case No. 3:03-CV-392-MEF-VPM (M.D. Ala. 2003).

In the present cause of action, Nunn challenges the constitutionality of an arrest which occurred in December of 2006 and the validity of criminal convictions imposed upon him by this court pursuant to a February 24, 2009 guilty plea.  *See United States v. Nunn*, 3:08-CR-28-MHT-WC (M.D. Ala. 2009), appeal dismissed April 8, 2010.  The allegations made the basis of the instant complaint relate to actions which occurred several years ago and in no way entail facts which demonstrate an "imminent danger of serious physical injury" to Nunn at the time he filed this cause of action.  Consequently, the claims

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

presented by Nunn do not entitle him to avoid the "three strikes" bar of 28 U.S.C. §

1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has

filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege

a present "imminent danger" to circumvent application of the "three strikes" provision of

28 U.S.C. § 1915(g)).

In light of the foregoing, the court concludes that this case is due to be dismissed

without prejudice as Nunn failed to pay the requisite filing fee and administrative fee upon

initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis

in original) ("[T]he proper procedure is for the district court to dismiss the complaint

without prejudice . . . pursuant to the provisions of § 1915(g)" because the prisoner "must

pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d

1321, 1324 (11th Cir. 2001) (same).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be dismissed without prejudice for the plaintiff's failure to pay the full filing and

administrative fees upon initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **June 30, 2014**.  Any objections filed must specifically identify

the findings in the Magistrate Judge's Recommendation to which the party is objecting.

Frivolous, conclusive, or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30,

1981.

Done this 16th day of June, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE